UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BOLAND,<br><br>            Plaintiff,<br><br>     v.<br><br>SECOND WATCH OFFICER, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-01019-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* BY A PRISONER WITHOUT PREJUDICE**<br><br>(Doc. 2)<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR TO PAY FILING FEE WITHIN 30 DAYS**<br><br>**ORDER DIRECTING CLERK TO SEND PLAINTIFF A BLANK APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

Plaintiff Daniel Boland appears *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff submitted two undated Application to Proceed *In Forma Pauperis* (IFP) by a Prisoner forms. (Doc. 2.)

**I.     INTRODUCTION**

The first application identifies Plaintiff's place of incarceration as Pleasant Valley State Prison (SVSP). (Doc. 2 at 1.) In this application, Plaintiff indicates he is not currently employed. (*Id.*) Further, Plaintiff indicates that in the last twelve months he has not received any money

from: (1) business, profession or other self-employment; (2) rent payments, interest or dividends; (3) pensions, annuities or life insurance payments; (4) disability or workers' compensation payments; (5) gifts or inheritances; and (6) any other sources. (*Id*.) Plaintiff states he has no cash, checking or savings accounts. (*Id*. at 2.) He owns no real estate, stocks, bonds, securities or other financial instruments, automobiles or other valuable property, nor does he have any other assets. (*Id*. at 2.) Plaintiff states his fiancé Joy Oglesby and daughter Genesis Boland are each "100%" dependent upon him for support. (*Id*.)

The second application identifies Plaintiff's place of incarceration as the California Health Care Facility (CHCF). (Doc. 2 at 3.) In this second application, Plaintiff again indicates he is not currently employed. (*Id.*) Plaintiff indicates that in the last twelve months he has not received any money from (1) business, profession or other self-employment; (2) rent payments, interest or dividends; (3) pensions, annuities or life insurance payments; (4) disability or workers' compensation payments; or (5) gifts or inheritances. (*Id*.) However, concerning "Any other sources" of money, Plaintiff states he has received "$80.00 Canteen" from Joy Oglesby. (*Id*. at 3.) He states he owns no real estate, stocks, bonds, securities or other financial instruments, automobiles or other valuable property, nor does he have any other assets. (*Id*. at 4.) Plaintiff again indicates he owns no real estate, stocks, bonds, securities or other financial instruments, automobiles or other valuable property, nor does he have any other assets. (*Id*.) Plaintiff restates that his fiancé Joy Oglesby and daughter Genesis Boland are dependent upon him for support. (*Id*.)

The proof of service attached to the two undated IFP application forms is dated July 3, 2023. (Doc. 2 at 5.)

**II.     DISCUSSION**

The Court initially notes that Plaintiff's applications are undated and therefore incomplete. Second, the applications are dissimilar regarding Plaintiff's response to the inquiry whether he receives money from "Any other source." Third, Plaintiff's responses in both applications reveal further discrepancies when compared to the Inmate Statement Report provided by the California Department of Corrections and Rehabilitation (CDCR). (*See* Doc. 6.)

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(A). Additionally, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020). *See also Steshenko v. Gayrard*, Nos. 13-CV-03400-LHK, 13-CV-04948-LHK, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice") (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997); *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. *Steshenko v. Albee*, 691 F. App'x 869 (9th Cir. 2017).

The Inmate Statement Report filed July 10, 2023, lists several deposits. The deposits identified as "JPAY" are dated March 9, 13 and 21, 2023, April 13, 2023, June 4, 14 and 15, 2023, and total $290.00. (Doc. 6 at 1.) Deposits totaling $1,031.84 on March 13, 2023, are identified as "INMATE SPECIAL DEPOSIT – DO/CS ONLY" and MISC. INCOME (EXEMPT)." (*Id.*) Plaintiff has failed to account for these sums in either of his two applications to proceed IFP.

Additionally, the Inmate Statement Report reveals transactions identified as "TRACS TRANSFER IN" and "TRACS TRANSFER OUT" occurring on February 11, 2023, March 17, 2023, and April 12, 2023. (Doc. 6.) Neither of Plaintiff's applications to proceed IFP explain these transactions. Plaintiff's trust balance following the April 12, 2023 transaction was $1,0362.80 (*Id.* at 1), and between April 13, 2023 and June 16, 2023, Plaintiff spent $595.50 on "SALES" or "KIOSK REQUEST – GTL" transactions. (*Id.* at 1-2.) On April 25, 2023, Plaintiff

3

also withdrew $500 "FOR DAUGTER [sic] & FIANCE." (*Id*. at 1.)

As of the date of the last transaction in Plaintiff's Inmate Statement Report on June 16, 2023, Plaintiff's account balance was only $0.33. (Doc. 6 at 2.) As discussed above, on April 12, 2023, Plaintiff received $1,031.84 in deposits to his trust account, and other deposits between March and June 2023 totaled $290.00. Plaintiff provides no explanation for these deposits in either of his applications. As the evidence before the Court of Plaintiff's assets is inconclusive, the Court will deny Plaintiff's IFP application without prejudice and provide Plaintiff with an opportunity to clarify his financial condition and demonstrate financial hardship. Plaintiff must explain the deposits reflected on his Inmate Statement Report.

As set forth above, Plaintiff's Inmate Statement Report reveals that Plaintiff is receiving money, although he swears under penalty of perjury that he is not receiving money. The Court warns Plaintiff that knowingly providing inaccurate information on the IFP application may result in dismissal of this action with prejudice.

### III.     CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's applications to proceed *in forma pauperis* (Doc. 2) are DENIED without prejudice;
2. **Within thirty (30) days** from the date of service of this Order, Plaintiff SHALL submit the attached application to proceed *in forma pauperis*, properly completed, dated, and signed, or in the alternative, pay the $402.00 filing fee for this action;
3. Failure to comply with this Order may result in dismissal of this action; and
4. The Clerk of Court is DIRECTED to send Plaintiff a blank application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:     **July 11, 2023**                            /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE

4